UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
U.S. BANK TRUST, N.A.,
*as Trustee for LSF9 Master Participation Trust*,

                                        Plaintiff,                                         **OPINION AND ORDER**

                - against -
                                                                                    No. 16-CV-1384 (CS)

JANICE DINGMAN and PETER DINGMAN,

                                        Defendants.
------------------------------------------------------------------------x

Appearances:
Stephen Vargas
Gross Polowy, LLC
Westbury, New York
*Counsel for Plaintiff*

Janice Dingman
Peter Dingman
Poughkeepsie, New York
*Defendants Pro Se*

Seibel, J.

        Before the Court is Plaintiff's Motion for Summary Judgment seeking a Judgment of

Foreclosure and Sale and appointment of a referee to effectuate the sale.  (Doc. 15.)  For the

following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

## I.        BACKGROUND

        The following facts, which are based on Plaintiff's Local Rule 56.1 statement,[1]

supporting materials and the record in this case, are undisputed except where noted.

---

[1] Plaintiff's submission did not comply with Local Rule 56.1, which requires parties to cite to admissible evidence
following each statement of material fact.  Plaintiff provided no such evidence in support of the statements asserted.

1

This is an action to foreclose a mortgage loan.  Plaintiff U.S. Bank Trust, N.A. is a national banking association with a principal place of business in Wilmington, Delaware.  (P's 56.1 Stmt. ¶ 1.)[2]  Defendants Janice and Peter Dingman are individuals residing in Dutchess County, New York, and are the owners of property located at 20 Greenfield Street, Poughkeepsie, New York (the "Property").  (*Id.* ¶¶ 2-4.)

On May 25, 2005, Defendants obtained a mortgage loan from Beneficial Homeowner Service Corporation in the original principal amount of $310,896.19, which was memorialized in a note dated May 25, 2005 (the "Note"), and secured by a mortgage on the Property, also dated May 25, 2005 (the "Mortgage").  (Scott Aff. ¶¶ 3, 5.)[3]

Defendants defaulted on the mortgage loan by failing to make the payment due July 1, 2015, and all payments due thereafter.  (*Id.* ¶ 6.)  On August 18, 2015, Caliber Home Loans, Inc. ("Caliber"), the servicer of Defendants' loan, mailed a 90-day notice pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 to each of the Defendants at the Property by certified and first-class mail.  (*Id.* ¶ 7; *see* Vargas Affirm. Ex. E.)[4]

On October 20, 2015, Caliber mailed a notice of default to each of the Defendants by first class mail.  (*See* Vargas Affirm. Ex. D.)  The notice instructed Defendants that they had a right to cure the default, but that Caliber could require them to pay immediately the remaining unpaid amount of the loan if they did not correct the default by November 24, 2015.  (*Id.*)

---

Plaintiff's counsel regularly appears in this Court and should know his obligations.  Any future motions that are similarly deficient will be summarily denied.

[2] "P's 56.1 Stmt." refers to Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1.  (Doc. 18.)

[3] "Scott Aff." refers to Affidavit of Jennifer Scott.  (Doc. 16 Ex. H.)

[4] "Vargas Affirm." refers to Affirmation of Regularity by Stephen Vargas.  (Doc. 16.)

On January 4, 2016, after a series of transfers, Plaintiff became the owner of the

mortgage loan.[5]  (*Id.* Ex. B, at 27.)  Despite the notices of default and opportunities to cure,

Defendants failed to cure their default on the mortgage loan.  (Scott Aff. ¶ 6.)  Plaintiff elected to

call due the entire unpaid balance, together with interest and disbursements, allowable under the

terms of the Note and Mortgage.  (*Id.* ¶ 9.)  The loan remains in default, (*id.* ¶ 12), with an

unpaid principal balance of $267,415.74, plus interest and fees, owing to Plaintiff, (*id.* ¶ 10).

Plaintiff filed the Complaint against Defendants on February 23, 2016, (Doc. 1), and

Defendants answered, (Doc. 7).  This motion followed.

## II.     LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit

under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be

counted."  *Id.*  On a motion for summary judgment, "[t]he evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.  The movant

bears the initial burden of demonstrating the absence of a genuine issue of material fact, and, if

satisfied, the burden then shifts to the non-movant to present evidence sufficient to satisfy every

element of the claim.  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The mere existence of a scintilla of evidence in

---

[5] Beneficial Homeowner Service Corporation first transferred the Mortgage to LSF9 Master Participation Trust by
assignment dated March 10, 2015, which was recorded on March 26, 2015.  (Vargas Affirm. Ex. B, at 26.)  LSF9
Master Participation Trust then assigned the Mortgage to Plaintiff on January 4, 2016.  (*Id.* at 27.)

support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.  Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and he "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).  Where an affidavit is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008).  In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

## III.     **DISCUSSION**

### A.  Motion for Summary Judgment

"'It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the

unpaid note, and evidence of default.'"  *Capital One Nat'l Ass'n v. 48-52 Franklin*, *LLC*, No. 12-

CV-3366, 2014 WL 1386609, at *4 (S.D.N.Y. Apr. 8, 2014) (quoting *Village Bank v. Wild Oaks*

*Holding, Inc.*, 601 N.Y.S.2d 940, 941 (N.Y. App. Div. 1993)).[6]  "Once the plaintiff has

established its *prima facie* case by presenting the [n]ote, [m]ortgage, and proof of default, the

[m]ortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative

showing" by the mortgagor that the mortgagee has engaged in "fraud, duress, oppressive or

unconscionable actions, or bad faith."  *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs.*,

139 F. Supp. 2d 462, 465-66 (S.D.N.Y. 2001) (citing *First Nat'l Bank of Highland v. J. & J.*

*Milano, Inc.*, 160 A.D.2d 670, 671 (N.Y. App. Div. 1990)).  "The lender is entitled to summary

judgment if it establishes by documentary evidence the facts underlying its cause of action and

the absence of a triable fact."  *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d

Cir. 2012) (summary order).

Plaintiff has produced the Note, (Vargas Affirm. Ex. B, at 4-6), the Mortgage, (*id.* at 11-

13), and notices of default, (*id.* Exs. D, E), and Defendants have not disputed Plaintiff's showing

(by affidavit of its representative, *id.* Ex. H), that the mortgage loan is in default.  Plaintiff has

thus established a *prima facie* case.  Defendants have not argued that Plaintiff engaged in fraud,

duress, oppression, unconscionable conduct, or bad faith.  Indeed, they have not presented any

arguments in opposition.  Nevertheless, the Court must scrutinize even an unopposed summary

judgment motion to satisfy itself that no material issue of fact remains for trial.  *Vt. Teddy Bear*

*Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2d Cir. 2004).  Further, "special solicitude" is

owed to *pro se* litigants.  *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012)

(summary order) (internal quotation marks omitted).

---

[6] The Court will send Defendants copies of all unpublished decisions cited in this Opinion and Order.

Accordingly, I have examined the record to determine if any material issues of fact remain for trial, *see Buckley v. Cty. of Suffolk,* No. 10-CV-1110, 2013 WL 122972, at *1 (E.D.N.Y. Jan. 9, 2013) (citing *Vt. Teddy Bear Co.,* 373 F.3d at 244), and have found none. The record reflects that Plaintiff provided Defendants with sufficient notice of default and opportunities to cure, after which it exercised its right to call due the outstanding unpaid balance. Defendants did not allege any affirmative defenses in their answer, (Doc. 7), and the record does not otherwise reveal any triable issues of fact with respect to any such defenses, so summary judgment is appropriate. *See E. Sav. Bank, FSB v. Ferro*, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015) (lender entitled to summary judgment in foreclosure action where *pro se* defendant did not oppose, provide evidence in support of affirmative defenses, or otherwise raise triable issue of fact); *RTC Mortg. Trust 1995-S/N1 v. Polmar Realty, Inc.*, No. 91-CV-6685, 1996 WL 689281, at *4 (S.D.N.Y. Nov. 27, 1996) (granting summary judgment in foreclosure action where defendants offered neither opposition nor evidence to defeat motion, and therefore any purported affirmative defenses, "without any additional supporting evidence, [were] legally insufficient to preclude the imposition of summary judgment").

Accordingly, summary judgment as to Plaintiff's right to foreclose is granted.

B.  Motion for a Judgment of Foreclosure and Sale

Plaintiff further moves for a judgment of foreclosure and sale, and requests that the Court appoint a referee to oversee a sale of the property and disburse the funds from that sale. (P's Mem. 17; *see* Vargas Damages Aff.)[7]  Plaintiff proposes Christopher B. Meagher, Esq., (Vargas Damages Aff. Ex. L, at 2), whose appointment Defendants have not opposed.

---

[7] "P's Mem." refers to Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and Default Judgment.  (Doc. 17.)  "Vargas Damages Aff." refers to Statement of Damages.  (Vargas Affirm. Ex. K.)

1. <u>Appointment of Referee</u>

RPAPL section 1321 states in relevant part:  "If the defendant fails to answer within the

time allowed or the right of the plaintiff is admitted by the answer, upon motion of the plaintiff,

the court shall ascertain and determine the amount due, or direct a referee to compute the amount

due to the plaintiff . . . ."  N.Y. Real Prop. Acts. Law § 1321.  Although section 1321

contemplates a situation where the defendant fails to answer or the right of the plaintiff is

admitted, because the Court granted summary judgment in favor of Plaintiff based on an

undisputed showing of default on the mortgage, the procedural posture of the case now is as if

the right of Plaintiff has been admitted.  *See Greystone Bank v. Skyline Woods Realty, LLC*, 817

F. Supp. 2d 57, 65 (N.D.N.Y. 2011) (despite answering complaint and opposing summary

judgment, defendants had "not produced sufficient evidence to establish a genuine issue of

material fact for trial relating to the Mortgage foreclosure," and pursuant to Federal Rule of Civil

Procedure 53(a) and RPAPL section 1321, court "appoint[ed] a Referee to ascertain and compute

the amount due to plaintiff under the Note and Mortgage").

RPAPL section 1351(1) states that a Judgment of Sale "shall direct that the mortgaged

premises . . . be sold by or under the direction of the sheriff of the county, or a referee."  N.Y.

Real Prop. Acts. Law § 1351(1); *see Charles F. Curry Co. v. Yodah Grp., Inc.*, 617 N.Y.S.2d

264, 265 (N.Y. Sup. Ct. 1994) ("[RPAPL] § 1351(1) requires the judgment of sale to direct the

mortgaged premises be sold by or under the direction of the sheriff of the county or a referee.").

RPAPL section 1611 also states:  "When the final order authorizes a mortgage, lease or sale

upon the application of a person who is not trustee, the court in such final order must appoint a

referee to execute the authorized transaction."  Further, "[c]ourts in this Circuit have permitted

such appointments where the plaintiff 'established a *prima facie* case by presenting a note, a mortgage, and proof of default.'" *Cit Bank v. Dambra*, No. 14-CV-3951, 2015 WL 7422348, at *7 (quoting *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014)), *report and recommendation adopted*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015).  As discussed above, Plaintiff has established a *prima facie* case by presenting the Note, Mortgage and proof of default.  The appointment of a referee is therefore appropriate to oversee the sale of the property and ensure the proceeds from the sale are distributed in accordance with the Court's computation discussed below.

### 2.   Computing Costs Owed

Pursuant to section 1321 of the RPAPL, the trial court has the authority to compute the amount owed or appoint a referee to do the same.  Defendants have not challenged the same.[8]

### a.   Damages Due on the Note

Plaintiff states that the amount due on the Note is $353,071.87, which includes the remaining principal balance, interest (calculated at 8.130%), property inspection and preservation fees, and escrow balance.  (Vargas Damages Aff. 1.)  "Any determination of damages in an action for foreclosure and sale should be determined under the terms of the Notes and Mortgages, the governing instruments . . . ."  *E. Sav. Bank, FSB v. Rabito*, No. 11-CV-2501, 2014 WL 4804872, at *1 (E.D.N.Y. Sept. 10, 2014) (internal quotation marks omitted), *report and recommendation adopted*, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014).  A referee, and

---

[8] Although an evidentiary hearing to compute damages may be held and may be helpful to determine the amount owed, it is not necessary for a court to conduct such a hearing in order to compute damages when there is an otherwise adequate basis for the award, *see Onewest Bank, N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *3 (E.D.N.Y. July 17, 2015) ("An evidentiary hearing is not required so long as there is a basis for the damages awarded.  Detailed affidavits and other documentary evidence can provide this basis.") (citation omitted); *Adelman v. Fremd*, 651 N.Y.S.2d 604, 605 (App. Div. 1996) ("Because the appellant was not otherwise prejudiced by his inability to submit evidence directly to the Referee, a hearing on the issue of the principal sum due is not necessary.").

thus similarly a court, may consider "both documentary and oral evidence in computing the

amount due on the mortgage." *Isaacson v. Karpe*, 445 N.Y.S.2d 37, 38 (App. Div. 1981).

Plaintiff has presented the Note and Mortgage, as well as evidence of default, which are

sufficient to make a *prima facie* case for foreclosure, and sufficient evidence to show the

principal and interest due under the Note. *See Evancie*, 2014 WL 1515643, at *4. The Note sets

forth the initial principal as $310,896.19 and the yearly interest rate at 8.13%.[9] (Vargas

Damages Aff. 1.) Plaintiff claims to be owed $267,415.74 in outstanding principal as of June 17,

2016, (*id.*), because Defendants failed to make a mortgage payment due on July 1, 2015 and all

payments due thereafter, (Scott Aff. ¶ 6). Defendants have not disputed that this is the amount of

principal due under the Note. Plaintiff is thus entitled to the outstanding $267,415.74 principal

plus interest calculated at 8.13% *per annum* from June 19, 2015 to June 17, 2016 ($21,653.99),

totaling $289,069.73. Plaintiff is also owed $59.56 *per diem* for interest accruing after June 17,

2016 and until the entry of judgment.[10]

Plaintiff also requests other amounts allowed by the Note and Mortgage, such as "BPO,"

late charges, and escrow payments, and lists the amounts it claims it is owed.[11] (Vargas

Damages Aff. 1.) Plaintiff, however, has not submitted any records or underlying documents.

With respect to these claims, the Court is not "satisfied that the documents submitted . . .

---

[9] Although the original Note, (Vargas Affirm. Ex. B), specified an annual interest rate of 8.380%, Plaintiff seeks interest at the rate of 8.130%, (Vargas Damages Aff. 1) – perhaps as a result of the "Adjustment to Contract Rate" provision included in the Note's additional contract terms, (Vargas Affirm. Ex. B, at 5) – so the Court will use that rate.

[10] The Court derived the amount of *per diem* interest by calculating the amount of interest accrued under the Note in one year – $21,740.90, or 8.13% of $267,415.74 – and dividing that figure by 365 (i.e., the number of days in a year), producing a result of $59.56 in interest accrued each day.

[11] The Mortgage entitles lender to repayment of "reasonable attorney's fees and other expenses incurred in connection with foreclosure as permitted by applicable law." (Vargas Affirm. Ex. B, at 11.) Further, the Note instructs that "in the event of default under the Mortgage. . . . any judgment in our favor may include our reasonable attorney's fee and court costs as determined by the court." (*Id.* at 6.)

9

sufficiently demonstrate, by competent proof," that the amounts claimed are owed to Plaintiff. *Onewest Bank, N.A. v. Shepherd*, No. 13-CV-1104, 2015 WL 1957284, at \*1 (N.D.N.Y. Apr. 29, 2015), and Plaintiff's affidavits do not provide an "adequate basis" that is required for the amounts requested by Plaintiff, *Cole*, 2015 WL 4429014, at \*4; *cf. Isaacson*, 445 N.Y.S.2d at 38 (evidence, including "several receipts for payment of real property taxes by plaintiff" and testimony under oath sufficient for court to determine amount owed).  If Plaintiff wishes to recover damages due on the Note, other than the outstanding principal and interest payments, it must renew its motion and produce the underlying business records showing the amounts claimed.[12]

### b.  Costs

Plaintiff also requests $1,132.06 in additional costs associated with the foreclosure, including Plaintiff's federal court filing fee, Notice of Pendency filing fee, and expenses associated with searches under N.Y. C.P.L.R. § 8301(a)(10) and the service of copies of the Summons and Complaint.  (Vargas Damages Aff. 2.)  Although "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable," *Cole*, 2015 WL 4429014, at \*7, and although such disbursements are provided for in the Note, (Vargas Affirm. Ex. B, at 5), the Court has (with the two exceptions noted below) no way of verifying these expenditures without documentation, *cf. Cole*, 2015 WL 4429014, at \*7 (award of costs proper where "[p]laintiff [had] submitted adequate documentation in support of . . . payment").  The $400 requested for the federal court filing fee is warranted and documented on the docket for this

---

[12] Any renewed motion must be filed by December 6, 2016.  Defendants may respond by December 20, 2016.  If Plaintiff prefers not to renew the motion and would rather have the Court enter judgment in the amounts approved in this Order and Opinion, it may so notify the Court.

case, as is $35 for the clerk's fee for filing a Notice of Pendency.[13]  Without further

documentation, however, the Court cannot determine the reasonableness of the other costs

requested.  *See Dambra*, 2015 WL 7422348, at *9 (declining to award certain fees and costs

where plaintiff failed to present proper documentation).  Plaintiff is thus entitled to only $435 in

costs at this time.  If Plaintiff wishes to collect the remaining amounts, it must produce the

underlying records that support its claims in a renewed motion.  (*See* note 12 above.)[14]

> c.   Attorney's Fees

Plaintiff requests $2,900 in attorney's fees incurred in connection with the foreclosure of

the property, (Vargas Damages Aff. 2), for which the mortgage terms provide in the event of a

lawsuit for foreclosure and sale, (Vargas Affirm Ex. B, at 11.)  "[C]ontemporaneous time records

are a prerequisite for attorney's fees in this Circuit."  *N.Y. State Ass'n for Retarded Children, Inc.*

*v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983).  Even where the attorney charges the client a flat

fee, courts have permitted "such awards where the attorney also presented contemporaneous time

records" but have denied these awards "where the attorney failed to maintain and produce

contemporaneous time records."  *Dambra*, 2015 WL 7422348, at *8 (collecting cases); *see Cole*,

2015 WL 4429014, at *7 (denying attorney's fees where no contemporaneous time reports

produced).

---

[13] Plaintiff in its affidavit states that the Notice of Pendency fee is $35.50, (Vargas Damages Aff. 2), but the Westchester County Clerk's website lists the fee for "Lis Pendens" as $35.00, *see Legal Fees*, Westchester County Clerk, http://www.westchesterclerk.com/index.php?option=com_content&view=article&id=12&Itemid=6 (last visited November 21, 2016).

[14] I previously denied Plaintiff's request for costs in another case for similarly failing to provide documentation that would allow me to verify counsel's expenditures. (*See OneWest Bank, N.A. v. Rubio*, No. 14-CV-3800, Doc. 91.) Counsel has experienced the same result in other cases within this district. *See, e.g.*, *Onewest Bank, N.A. v. Louis*, No. 15-CV-597, 2016 WL 3552143, at *10 (S.D.N.Y. June 22, 2016) (denying plaintiff's request for costs because it did "not suppl[y] any receipts or invoices"), *report and recommendation adopted*, 2016 WL 4059214 (S.D.N.Y. July 28, 2016).  Counsel should heed the well-established principle requiring documentation if he cares to recoup the costs associated with these litigations.

Here Plaintiff's counsel admittedly did not maintain "individual time sheets" because the firm charges a flat fee for foreclosure work. (Att'y Fee Affirm. ¶ 4.)[15]  Although the $2,900 requested by Plaintiff's counsel seems reasonable for the amount of work involved in connection with this foreclosure, the lack of contemporaneous time sheets precludes any such award. *See Carey*, 711 F.2d at 1147; *Dambra*, 2015 WL 7422348, at *8.[16]  Although counsel apparently attempted to retroactively create time records by breaking the total requested award into tasks of attorneys and paralegals, (Att'y Fee Affirm. ¶ 6), this is insufficient under the Second Circuit's mandate set forth in *Carey*, *see Carey*, 711 F.2d at 1148 ("[Contemporaneous time] records should specify, for each attorney, the date, the hours expended, and the nature of the work done.").  Accordingly, Plaintiff's request for attorney's fees is denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED in part and DENIED in part.  Plaintiff may renew the motion as to damages due under the Note and costs associated with this litigation (except for attorney's fees) as set forth in note 12 above.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 15).

**SO ORDERED.**

Dated: November 22, 2016
        White Plains, New York
                                                        _____
                                                        CATHY SEIBEL, U.S.D.J.

---

[15] "Att'y Fee Affirm." refers to Attorney Fee Affirmation.  (Vargas Affirm. Ex. J.)

[16] The law firm that requested fees in *Dambra* is the same firm representing Plaintiff here.  I have previously denied fees to Plaintiff's firm on the basis of lack of contemporaneous records. (*See OneWest Bank, N.A. v. Rubio*, No. 14-CV-3800, Doc. 91.)  Counsel should realize that he must maintain contemporaneous time sheets to be awarded attorney's fees in this Circuit, and should refrain from seeking fees unless he either has maintained contemporaneous records or has a legal basis to argue that the requirement for such records should not apply.